UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE KISSNER,

       Plaintiff,

                                                      Civil Case No. 20-13445
v.                                                Honorable Linda V. Parker

JOSEPH MICHAEL ORR,
LUKE ROGERS, CHRIS BROWN,
and JEREMY ZARSKI,

       Defendants.
_____/

**<u>OPINION AND ORDER (i) ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (ECF NOS. 22, 23); (ii) REJECTING PLAINTIFF'S OBJECTION (ECF NO. 24); AND (iii) GRANTING DEFENDANTS JOSEPH MICHAEL ORR AND LUKE ROGERS' MOTION TO DISMISS (ECF NO. 14) AND DEFENDANT JEREMY ZARSKI'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15)</u>**

Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on December 18, 2020. Defendants Joseph Michael Orr and Luke Rogers are police officers who responded to an August 20, 2020 incident where Plaintiff was believed to have attempted suicide by covering himself in lighter fluid in preparation to light himself on fire. Defendant Jeremy Zarski, D.O., is an emergency room physician who examined Plaintiff and completed a Clinical Certificate diagnosing Plaintiff as mentally ill, which was submitted to a State probate court. On April 20, Officers Orr and Rogers filed a motion to dismiss

(ECF No. 14) and Dr. Zarski filed a motion for summary judgment (ECF No. 15). The matter has been referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 20, Magistrate Judge Morris issued an R&R recommending that the Court grant Dr. Zarski's summary judgment motion.  (ECF No. 22.) Magistrate Judge Morris concludes that Dr. Zarski is entitled to summary judgment because he was not a state actor.  (*Id*. at Pg ID 149-52.)  On August 31, Magistrate Judge Morris issued an R&R recommending that the Court grant Officer Orr and Roger's motion to dismiss Plaintiff's deliberate indifference claim against them. (ECF No. 23.)  Magistrate Judge Morris concludes that under the circumstances presented, including the fact that Plaintiff never told the officers that he was suffering discomfort from the lighter fluid, "it would not have been objectively obvious to these officers that there was a medical need to wash off the lighter fluid, or that failure to do so immediately posed a 'substantial risk of serious harm.'"  (*Id.* at Pg ID 163 (quoting *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020)).  Further, Magistrate Judge Morris concludes, the facts do not support the officers' subjective knowledge of a serious risk of harm to Plaintiff. (*Id.*)  In response to Plaintiff's behavior, and the fact that he smelled of lighter

fluid, the officers conducted a short investigation, restrained Plaintiff for his safety, and took him to the hospital. (*Id.*) The delay in washing off the lighter fluid occurred at the hospital. (*Id.*) At most, Magistrate Judge Morris concludes, the officers were negligent, which does not support a deliberate indifference claim. (*Id.* at Pg ID 164 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).)

At the conclusion of both R&Rs, Magistrate Judge Morris advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." No objections were filed with respect to Magistrate Judge Morris' R&R with respect to Dr. Zarski's summary judgment motion. Plaintiff filed objections to Magistrate Judge Morris' R&R with respect to the officers' motion to dismiss, however. (ECF No. 24.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to

appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff states only the following as objections to Magistrate Judge Morris' August 31 R&R: (1) the officers' motion to dismiss "should not be granted"; (2) "[q]ualified immunity should not apply"; and (3) "[g]overnmental immunity should not apply." (ECF No. 24 at Pg 167-68.) Plaintiff states no basis for the objections presented. He identifies no error in Magistrate Judge Morris' conclusions. A "general objection to the entirety of the magistrate[ judge]'s report has the same effect[] as . . . a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

For this reason, and because Plaintiff filed no objections to Magistrate Judge Morris' earlier R&R, the Court deems Plaintiff to have waived any objections to both. Therefore, the Court is adopting Magistrate Judge Morris' recommendations.

Accordingly,

**IT IS ORDERED** that Defendant Jeremy Zarski's Motion for Summary Judgment (ECF No. 15) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Luke Rogers and Joseph

Michael Orr's Motion to Dismiss (ECF No. 14) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 20, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager
