UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE KISSNER,

        Plaintiff,

                                    Civil Case No. 20-13445

v.                                 Honorable Linda V. Parker

JOSEPH MICHAEL ORR,
LUKE ROGERS, CHRIS BROWN,
and JEREMY ZARSKI,

        Defendants.
_____/

**OPINION AND ORDER (I) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT; (II) VACATING JUDGMENT; AND (III) SUA SPONTE DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT CHRIS BROWN**

After adopting Magistrate Judge Patricia Morris' two reports and recommendations and granting the dispositive motions filed by Defendants Joseph Michael Orr, Luke Rogers, and Jeremy Zarski, this Court entered a Judgment dismissing Plaintiff's Complaint with prejudice.  Plaintiff has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that no dispositive motion was filed by Defendant Chris Brown and that Defendants Orr and Rogers were not entitled to qualified immunity.

The Court is granting in part and denying in part Plaintiff's motion. Defendant Brown was not required to respond to Plaintiff's Complaint, as the

Court never directed him to do so.  *See* 28 U.S.C. § 1997e(g).  Nevertheless, it was premature for the Court to enter a judgment without ever addressing any claim Plaintiff has against this defendant.  Thus, the Court made a "mistake" when entering the Judgment when it did, *see* Fed. R. Civ. P. 60(b)(1), and is vacating the Judgment as relief from that mistake.

The Court is entering an amended judgment, however, because the only conceivable allegations Plaintiff asserts against Defendant Brown relate to his role as a prosecutor.  As such, he is entitled to prosecutorial immunity.  And the Court finds no basis for granting Plaintiff relief from judgment with respect to his claims against Defendants Orr and Rogers.

Except for listing Defendant Brown as the third defendant being sued (ECF No. 1 at Pg ID 4), Plaintiff does not mention him by name or in his role as a prosecutor anywhere in the Complaint (*see id.* at Pg ID 1-9.)  In a December 25, 2020 letter, which is attached to the Complaint, Plaintiff refers only to the "Shiawassee County Prosecutor's Office" and asserts that it is "only concerned with charging [him] and not [his] suicide attempt . . .."  (*Id.* at Pg ID 12.)

The Supreme Court has observed that courts are virtually unanimous in holding "that a prosecutor enjoys absolute immunity from [42 U.S.C.] § 1983 suits for damages when [the prosecutor] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  A

prosecutor is absolutely immune for "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Cooper v. Parrish*, 203 F.3d 937, 946-47 (6th Cir. 2000). Prosecutorial immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom[.]" *Buckley*, 509 U.S. at 272 (quoting *Imbler*, 424 U.S. at 431, n.33).

Nevertheless, prosecutorial immunity is not absolute. *Id.* at 273. Prosecutorial immunity does not extend to situations where "a prosecutor 'functions as an administrator rather than as an officer of the court[.]'" *Id.* (quoting *Imbler*, 424 U.S. at 431 n.22). For example, a prosecutor is not immune when "perform[ing] the investigative functions normally performed by a detective or police officer[.]" *Id.* (quoting *Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir. 1973)); *see also Cooper*, 203 F.3d at 947.

Gleaned from Plaintiff's filings, the only conduct of Defendant Brown— pursuing criminal charges against Plaintiff—are actions intimately associated with judicial proceedings. Courts have found prosecutors absolutely immune from § 1983 liability for such actions. *See, e.g., Imbler*, 424 U.S. at 431 (prosecutorial immunity applied to actions in initiating a prosecution and presenting the State's case). Even if Defendant Brown was somehow involved in the petition seeking

3

mental health treatment for Plaintiff, prosecutorial immunity has been found to apply to such actions, as well.  *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (state prosecutor enjoyed absolute immunity for acts and omissions relating to preparation and submission of petition for involuntary commitment); *Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010) (absolute immunity extended to state and federal officials initiating noncriminal proceedings such as administrative proceedings and civil litigation); *Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) (holding that prosecutors who initiated civil commitment proceedings were entitled to absolute prosecutorial immunity in subsequent civil rights action, absent evidence that they had acted outside of their territorial jurisdiction); *Diestelhorst v. Ryan*, 20 F. App'x 544, 546 (7th Cir. 2001) (holding that prosecutor was absolutely immune by instituting commitment proceedings); *Jones v. Howard*, No. 18-1207, 2018 WL 6039974, at *3 (D. Del. Nov. 19, 2018), *aff'd* 779 F. App'x 151 (3d Cir. 2019) (holding that the deputy attorney general had prosecutorial immunity for claims arising out of involuntary commitment proceedings); *Roache v. Attorney Gen.'s Office*, No. 9:12-cv-1034, 2013 WL 5503151, at *13-14 (N.D.N.Y. Sept. 30, 2013) (attorneys from the New York State Attorney General's Office who commenced civil commitment proceeding pursuant to Mental Health Law entitled to prosecutorial immunity).  Such immunity is absolute and is not overcome by a showing that the prosecutor acted wrongfully or maliciously.  *Grant*

*v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Therefore, the Court is sua sponte dismissing Plaintiff's claims against Defendant Brown.

As to Defendants Orr and Rogers, Plaintiff fails to demonstrate entitlement to relief under Rule 60(b). Plaintiff argues that these defendants are not entitled to qualified immunity because they were not engaged in discretionary functions. (*See* ECF No. 30 at Pg ID 192 (quoting *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).) The Court, however, did not dismiss Plaintiff's claims against Defendants Orr or Rogers based on qualified immunity. In other words, the Court did not conclude that the relevant law was so unsettled that these officers would not have known that their conduct was unlawful. *See Harlow*, 457 U.S. at 818-19 ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful."). Instead, the Court concluded that Plaintiff failed to establish the objective and subjective components of his deliberate indifference claim against them. (*See* ECF No. 27 at Pg ID 177.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment is **GRANTED IN PART AND DENIED IN PART**.

5

**IT IS FURTHER ORDERED** that the December 20, 2021 Judgment is

**VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant

Chris Brown are summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, November 17, 2022, by electronic
and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager